UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALFRED K. CLOKE, III,
    Plaintiff,

vs.

HERB ADAMS, et al.,
    Defendants.

Case No. 1:11-cv-465
Spiegel, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, brings this action under the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411, against defendants Herb Adams, Michael Moore, Frank Reynolds, Robert Peto, Steve Kasarnich, Mark Kuzmik, Ron Rothenbuhler, Doug Reffitt and Ohio and Vicinity Regional Council of Carpenters (OVRCC). (Doc. 1). This matter is before the Court on defendants' motion to dismiss the complaint (Doc. 7), plaintiff's response in opposition (Doc. 9), and defendants' reply in support of their motion. (Doc. 10).

## I. Procedural Background

Plaintiff, a retired union member, claims that the individual defendants, officers of OVRCC, violated his rights under the LMRDA by filing internal union charges against him that were "retaliatory in nature and/or based on a scheme to suppress dissent." (Doc. 1 at 6). Plaintiff specifically alleges that the union business manager Moore, in his capacity as an officer of the OVRCC, filed charges against plaintiff for "not being orderly in meetings" and "sending repeated letters to Executive Secretary-Treasurer Peto, General President McCarron and others. . . ." (*Id.* at 7). Plaintiff claims that the charges were part of a pattern of retaliation against him for exercising his free speech rights, which began some time earlier as outlined in letters he exchanged with Peto in October and November of 2007. (*Id.* at 7-8). Plaintiff further alleges

that defendants retaliated against him by treating him differently than defendant Moore when defendants denied plaintiff's request that his lodging and expenses to attend his trial be covered, whereas Moore received lodging and expenses to appear at the executive committee hearing and trial. (*Id.* at 8-9).

Following a trial on the charges against him, plaintiff was found guilty of violating certain provisions of the union constitution. (Doc. 1, Exh. 9).[1] The penalties imposed against plaintiff by the OVRCC included a $15,000 fine and permanent suspension from membership. (*Id.*). On appeal, the Appeals Committee found that the evidence was not sufficient to support the guilty verdicts and set aside the verdicts and the penalties imposed. (*Id.*).

Plaintiff alleges that the OVRCC acted with an improper motive as demonstrated by the following: statements defendants' counsel made at the trial; defendants failed to provide information plaintiff requested in order to prepare for trial; the unsupported verdict and the penalty of permanent suspension from union membership would have had the effect of depriving plaintiff of his free speech rights under the LMRDA forever; and the OVRCC has an established pattern of filing charges against union members to chill free speech and then withdrawing the charges before trial, as well as taking other action against union members. (Doc. 1, citing Exhs. 10-15). Plaintiff claims that defendants' egregious activities continued after the verdict was rendered against him, as he claimed in a grievance he filed in March 2010. (*Id.*, citing Exh. 16).

Plaintiff requests compensatory damages in the amount of $1,000 and punitive damages in the amount of $25,000,000 as relief for the egregious actions of OVRCC and its individual

---

[1] Under Fed. R. Civ. P. 10(c), a document attached as an exhibit to a complaint is considered "a part of the pleading for all purposes."

officers.

## II. Motion to dismiss

The defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the basis of res judicata and for failure to state a claim upon which relief can be granted. (Doc. 7). Defendants contend that this is the third lawsuit plaintiff has brought against them arising out of essentially the same underlying facts and circumstances, which are: (1) the filing of internal union charges against him, (2) the imposition of sanctions against him as a result of the charges, and (3) the subsequent reversal of those sanctions following plaintiff's appeal of the verdict to the "International" union of which plaintiff is a member, which plaintiff alleges together constitute a scheme to suppress dissent in violation of his rights under the LMRDA. *See Cloke v. Moore, et. al.*, No. 1:09cv572 (Dlott, J.) (*Cloke I*) and *Cloke v. Adams, et. al.*, No. 1:09cv660 (Dlott, J.) (*Cloke II*). Defendants assert that because this lawsuit repeats claims made in those earlier lawsuits, and both of the earlier cases were dismissed on the merits (*see* Doc. 7, Exhs. B, C (*Cloke I*) and Exhs. E, F, G (*Cloke II*), the case presently before the Court must be dismissed as barred by res judicata. Defendants further argue that the present complaint must be dismissed for failure to state a claim upon which relief can be granted because plaintiff fails to make any allegations reflecting malice or ill will on the part of defendants so as to support his claims for damages.

In response, plaintiff asserts that the present lawsuit "is radically different from the prior suit." (Doc. 9 at 2). Plaintiff contends that he has added allegations of malice and ill will that occurred before, during and after the actions he previously cited, and the present suit is based on facts which have not been presented in a previous lawsuit and which are supported by the

documentation attached to the complaint. Plaintiff further suggests that the judgment in *Cloke II* was not a final judgment on the merits.

### III. Resolution

In reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true "all non-conclusory allegations in the complaint and determines whether they state a plausible claim for relief." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009)). Although courts must typically limit their review to the pleadings when faced with a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).

Under the doctrine of res judicata, or claim preclusion, a party is precluded from bringing a claim when there exists: " (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action." *Golden v. C.I.R.*, 548 F.3d 487, 494 (6th Cir. 2008) (citations omitted).

A comparison of the present case and *Cloke II* shows that all of the elements of res judicata or claim preclusion are met here, and the complaint in this case must be dismissed on the basis of res judicata.[2] First, the Sixth Circuit Court of Appeals issued a final decision on the

---

[2]While *Cloke I* and the present case involve the same parties, defendants have not shown there is an "identity of the causes of action" so as to satisfy each of the elements of res judicata. *See Golden*, 548 F.3d at 494. The complaint in *Cloke I* includes no allegations that defendants violated plaintiff's rights by bringing internal union

4

merits in *Cloke II,* finding that the complaint failed to state a claim for relief and affirming the dismissal of plaintiff's claim by the district court on this ground. (Doc. 7, Exh. G at 4-5). Second, each of the defendants named in this lawsuit was also named as a defendant in *Cloke II,* so that the present case and *Cloke II* involve the same parties. In addition, the present lawsuit and *Cloke II* involve identical causes of action and issues, as demonstrated by the Court of Appeals' summary of the facts giving rise to *Cloke II* and the issues presented:

> Cloke filed his complaint pursuant to the [LMRDA], 29 U.S.C. § 411. . . .
>
> This suit arose after defendant Michael Moore, as a member of the [OVRCC], filed charges against Cloke, a retired union member, based on Cloke's lengthy history of writing letters to several members of OVRCC's Executive Committee questioning the bases for many of their financial decisions and demonstrating disrespect for the members at several meetings, in violation of OVRCC's governing constitution. Cloke appeared before members of the Executive Committee of OVRCC: defendants Herb Adams, Michael Moore, Frank Reynolds, Robert Peto, Steve Kasarnich, Mark Kuzmik, Ron Rothenbuhler, and Doug Reffitt. . . . Cloke presented his case, arguing that OVRCC had abridged his rights to freedom of speech and that its members were involved in a "scheme to suppress [his] dissent." Cloke also requested the same lodging and expenses as Moore to cover the cost of his attendance at the hearing. This request was denied by Robert Peto, another member of OVRCC. . . .
>
> Pursuant to the union's internal rules, Cloke appeared before the union Trial Committee on August 9, 2008, and, again, requested the same reimbursement as provided to Moore to cover his expenses. Again, Peto denied the request, and McCarron refused to intervene. Three witnesses appeared on Cloke's behalf. The Trial Committee . . . found Cloke guilty of the charges. The committee recommended a penalty of $15,000, along with a permanent suspension and a letter of apology to Moore. On November 8, 2008, the OVRCC voted to impose the Trial Committee's recommendation. Cloke then filed an appeal pursuant to the UBC's internal procedures. The Appeals Committee reversed the verdict on September 1, 2009. . . .

---

charges against him (*See* Doc. 7, Exh. A), which is the gravamen of the present complaint. Rather, plaintiff claimed in *Cloke I* that defendants violated the LMRDA by dismissing charges plaintiff had filed against defendants without providing a full and full hearing. (*Id.*). Thus, defendants have not shown that the judgment in *Cloke I* bars plaintiff from pursuing the present lawsuit.

5

> Cloke sued [defendants], alleging that the defendants had "orchestrated" their actions to insure that his "rights to Free Speech and dissent would be suppressed." Cloke requested that the union's trials and appeals processes be halted, that the court review all union trials for violations of members' rights, and that the union's internal trial system be removed from the union's constitution. Cloke also requested that all proceedings and verdicts against him be vacated, and that he be awarded damages in the amount of twenty-five million dollars. . . .

(Doc. 7, Exh. G at 1-2). The Court of Appeals determined that plaintiff was not entitled to the mandatory injunctive relief requested, finding: "The union appeals process already resolved his personal complaints against the disciplinary findings and the injunctive relief he requests only affects others." (Exh. G at 4). The Court further determined that the damages plaintiff sought "are unavailable under Cloke's conclusory allegation of a scheme to suppress dissent without specific factual allegations reflecting malice or ill will on the part of union officials." (*Id.* at 5) (citing *Thompson v. Office & Prof'l Emps. Int'l Union, AFL-CIO*, 74 F.3d 1492, 1508-09 (6th Cir. 1996) (punitive damages may be awarded against union or its officers where they acted with malice or ill-will)).

Thus, a comparison of this case with *Cloke II* shows that each of the issues plaintiff raises in the present lawsuit was raised in *Cloke II* or should have been raised in that lawsuit. Plaintiff simply repeats in the present complaint his claims that defendants filed internal union charges and retaliated against him as part of a scheme to suppress his speech, and he seeks to bolster his claims with documentation that he did not submit in the prior lawsuit. Plaintiff cannot relitigate in this lawsuit the same claims which the Court of Appeals dismissed on the merits in *Cloke II* for failure to state a claim for relief. Each of the elements of res judicata or claim preclusion is

6

met here, and the complaint should be dismissed on this ground.[3]

### III. Conclusion

It is therefore **RECOMMENDED** that defendants' motion to dismiss (Doc. 7) be **GRANTED** and that this case be **DISMISSED** and **TERMINATED** on the docket of the Court.

Date: 1/27/12

Karen L. Litkovitz
United States Magistrate Judge

---

[3] In view of the Court's determination that plaintiff's lawsuit should be dismissed as barred by res judicata, it is unnecessary to determine whether plaintiff's complaint should be dismissed for any other reason.

7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ALFRED A. CLOKE, III,
    Plaintiff

vs

HERB ADAMS, et al.,
    Defendants

Case No. 1:11-cv-465

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Alfred K. Cloke, III<br>621 Neptune Way<br>Cincinnati, Ohio 45244 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 4446 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540